# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HOLMES, III,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:12-CV-00354-KJD-(RJJ)

**ORDER**

    Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the court will deny the petition because it lacks merit.

    In the Eighth Judicial District Court of the State of Nevada, Case No. 08C247085, petitioner was charged with two counts of burglary, two counts of theft, and three counts of possession of stolen property. Ex. 13.[1] Petitioner agreed to plead guilty to one count of burglary. Ex. 1. Before sentencing, petitioner tried unsuccessfully to withdraw his plea. Ex. 12. Petitioner then appealed the judgment of conviction, and the Nevada Supreme Court affirmed. Ex. 41. Petitioner then filed in the state district court a post-conviction habeas corpus petition. The state district court denied the petition. Ex. 37. Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 42.

---

[1] Exhibits are attached to the petition.

Petitioner alleges that convictions in two other criminal cases have affected his plea and sentence. First, at the same time as his plea in Case No. 08C247085, petitioner also agreed to plead guilty in Case No. 06C228752 to plead guilty to one count of conspiracy to possess stolen property and/or commit burglary and two counts to possession of stolen property. Ex. 1, p. 1. Second, in Case No. 91C103744, petitioner was convicted pursuant to a guilty plea of one count of attempted burglary. Ex. 2.

In ground 1, petitioner alleges that his guilty plea is void as a matter of law. The guilty plea agreement stated:

> I understand that I am eligible for probation for offense to which I am pleading guilty. I understand that, except as otherwise provided by statute, the question of whether I receive probation is in the discretion of the sentencing judge.

Ex. 1, p. 2. Petitioner argues that this statement was incorrect and misleading because the statute governing burglary made him ineligible for probation:

> Except as otherwise provided in this section, a person convicted of burglary is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 10 years, and may be further punished by a fine of not more than $10,000. <u>A person who is convicted of burglary and who has previously been convicted of burglary or another crime involving the forcible entry or invasion of a dwelling must not be released on probation or granted a suspension of sentence.</u>

Nev. Rev. Stat. § 205.060(2) (emphasis added). Petitioner claims that the convictions in Case No. 91C103744 and Case No. 06C228752 disqualified him for probation. The Nevada Supreme Court rejected petitioners' argument, holding:

> Because appellant had a 1992 conviction for attempted burglary, appellant claimed that he was not actually eligible for probation. He further contended that this alleged inaccuracy in the plea agreement rendered the plea agreement void as a matter of law, indicating that the district court lacked jurisdiction to accept the plea agreement, and that the plea agreement was not knowingly and voluntarily entered. We disagree. Despite appellant's arguments that he was ineligible for probation, the language of NRS 205.060(2) applies only to persons convicted of burglary. Appellant was only convicted of attempted burglary. Appellant alleged no other facts indicating that the attempted burglary conviction involved the forcible entry or invasion of a dwelling. Accordingly, the plain language of NRS 205.060(2) did not exclude appellant from receiving probation.
>
> In addition, the plea agreement, signed by appellant, specifically advised that he was also eligible to receive prison time, and stated that the question of whether or not he received probation was within the sole discretion of the district court judge. While the district court chose not to impose probation, the district court stated at sentencing that because appellant's prior conviction was only for attempted burglary, she did not believe the language of NRS 205.060(2) applied. Therefore, we conclude that appellant failed to demonstrate that his plea

    was not knowingly and voluntarily entered, and that the district court did not err in denying this claim.

Ex. 42, pp. 2-3.  The Nevada Supreme Court's interpretation of state law is binding upon this court in federal habeas corpus.  <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005).  The Nevada Supreme Court's ruling referred only to Case No. 91C103744, but it applies with equal force to Case No. 06C228752.  In that case, none of the counts to which petitioner pleaded guilty—one count of conspiracy to possess stolen property and/or commit burglary and two counts to possession of stolen property—involve any actual burglary or forcible entry.  <u>See</u> Ex. 17.  Furthermore, the guilty plea agreement was a package deal that included both Case No. 06C228752 and Case No. 08C247085.  Ex. 1, Ex. 5.  Neither case counts as a previous conviction for the purpose of barring probation in the other case. The restriction on probation in Nev. Rev. Stat. § 205.060(2) is not applicable to petitioner.  Consequently, the plea agreement stated correctly that petitioner was eligible for probation, and the plea agreement is not void.  Ground 1 is without merit.

    Ground 2 is a claim that the state district court lacked jurisdiction and legal authority to accept the plea agreement because it misunderstood that petitioner was eligible for probation.  This ground is without merit for the same reason why ground 1 is without merit:  The restriction on probation in Nev. Rev. Stat. § 205.060(2) did not apply to petitioner.

    Ground 3 contains five claims of ineffective assistance of trial counsel.  A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>id.</u> at 694.  "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Id.</u> at 697.

    In ground 3(a), petitioner claims that trial counsel advised him erroneously that he was eligible for probation.  This advice was not erroneous, and counsel did not perform deficiently, because Nev. Rev. Stat. § 205.060(2) did not make petitioner ineligible for probation.

-3-

In ground 3(b), petitioner claims that trial counsel failed to challenge the unlawfulness and invalidity of the guilty plea agreement because it stated that petitioner was eligible for probation. The lack of any such challenge was not deficient performance because Nev. Rev. Stat. § 205.060(2) did not make petitioner ineligible for probation.

In ground 3(c), petitioner claims that trial counsel failed to investigate the case. Had counsel investigated the case, petitioner argues that he would have discovered that there was insufficient evidence that a crime was committed.

The court summarizes the facts based upon petitioner's allegations and the exhibits that petitioner attached to the petition. Terrance Watanabe was gambling large amounts of money at the Wynn Las Vegas casino. An employee, Jimmy Urquiaga, was assigned to assist Watanabe. Watanabe was playing ticket-in/ticket-out machines; a gambler could insert a ticket coded for a certain value of money in lieu of currency, and, when the gambler was finished with the machine, the machine would generate another ticket in lieu of currency. The casino's cashier would redeem the tickets for currency. As Watanabe received these tickets from the machines, he would hand them to Urquiaga, and Urquiaga would put the tickets onto a clipboard. In two instances, one on August 24, 2006, and another on September 3, 2006,[2] Urquiaga put a ticket into his pocket instead of on a clipboard. Urquiaga did not turn in these tickets before his shift ended. In both instances, Urquiaga left the casino after the end of his shift, and petitioner entered a while later. On August 24, 2006, petitioner presented a $25,000 ticket to the cashier. He received $10,000 in cash and three tickets each valued at $5,000. Petitioner then gambled those three tickets until the total value was $9,970, generated a new ticket, and redeemed it for cash. On September 3, 2006, petitioner gambled a $10,100 ticket until the value was $9,950, generated a new ticket, and redeemed it for cash.

Petitioner alleges that the prosecution's theory was that Urquiaga stole the tickets from Watanabe, gave them to petitioner, petitioner played the tickets, and then petitioner generated new

---

[2]Petitioner pleaded guilty to one count of burglary, but he did not attach to the petition the amended information associated with the guilty plea agreement. The court does not know whether the count of burglary refers to the August 24 incident, the September 3 incident, or both.

tickets that he redeemed for cash. Those actions were felony theft, Nev. Rev. Stat. § 205.832 et seq., and by entering the Wynn Las Vegas with the intent to commit felony theft petitioner committed burglary, Nev. Rev. Stat. § 205.060, the crime to which petitioner pleaded guilty.

Petitioner alleges that if counsel had investigated the case, he would have learned that Watanabe actually gave the tickets to Urquiaga as tips. Urquiaga, in turn, gave the tickets to petitioner to redeem to circumvent the tip-sharing policy at the Wynn Las Vegas. This was disputed. Petitioner alleges in support of this argument that Watanabe never reported the stolen tickets to the Wynn Las Vegas. On the other hand, at sentencing the prosecutor noted that the Wynn Las Vegas reimbursed Watanabe for the value of the tickets and that Watanabe said that the tickets were not tips, thus indicating that Watanabe did report the losses. Ex. 12, pp. 15-16, 80-81. However, even if Watanabe did give the tickets to Urquiaga as tips, and even if petitioner cashed those tickets as part of a plan to avoid sharing the tips with other employees, petitioner still would be guilty of burglary. Under a tip-sharing plan, the casino collects the tips and divides them among groups of employees as part of their salaries. See Baldonado v. Wynn Las Vegas, LLC, 194 P.3d 96, 98-99 (Nev. 2008). In circumventing the tip policy, petitioner was obtaining money that otherwise would have been paid to Urquiaga's fellow employees. That is still theft—the only difference being the identities of the victims—and petitioner's actions still constituted burglary. Ultimately, petitioner suffered no prejudice from a lack of investigation by counsel.

In ground 3(d), petitioner alleges that count 4 of the amended information in Case No. 08C247085 duplicates count 27 of the indictment in Case No. 06C228752. Compare Ex. 13 with Ex. 14. Petitioner claims that trial counsel should have challenged count 4 because it violated the Double Jeopardy Clause of the Fifth Amendment and because the statute of limitations had expired. However, when the state district court found petitioner guilty of burglary, it also dismissed the remaining counts, including count 4, pursuant to the guilty plea agreement. Ex. 12, p. 15. Even if counsel should have raised these challenges, petitioner suffered no prejudice. Ground 3(d) is without merit.

Ground 3(e) repeats claims that the court has already determined are without merit. Consequently, ground 3(e) also is without merit.

In ground 4, petitioner argues that appellate counsel provided ineffective assistance. Petitioner presents four claims, which the court will designate as "a" through "d" for ease of reference.

In ground 4(a), petitioner claims that appellate counsel failed to argue that the plea was invalid because petitioner was ineligible for probation pursuant to Nev. Rev. Stat. § 205.060(2). Appellate counsel did not perform deficiently because Nev. Rev. Stat. § 205.060(2) did not make petitioner ineligible for probation.

In ground 4(b), petitioner claims that appellate counsel failed to argue that the trial court was without jurisdiction to accept the guilty plea agreement because petitioner was ineligible for probation pursuant to Nev. Rev. Stat. § 205.060(2). Appellate counsel did not perform deficiently because Nev. Rev. Stat. § 205.060(2) did not make petitioner ineligible for probation.

In ground 4(c), petitioner claims that appellate counsel failed to argue that trial counsel was ineffective. Appellate counsel did not perform deficiently because Nevada requires a claim of ineffective assistance of counsel to be raised in a habeas corpus petition, not on direct appeal. Gibbons v. State, 634 P.2d 1214 (Nev. 1981).

In ground 4(d), petitioner claims that appellate counsel failed to present an adequate record that the guilty plea was invalid because petitioner was ineligible for probation pursuant to Nev. Rev. Stat. § 205.060(2). On direct appeal, the Nevada Supreme Court did not address the claim because petitioner did not provide an adequate record. Ex. 41, p. 2. Even if appellate counsel performed deficiently, petitioner suffered no prejudice because the Nevada Supreme Court ruled on the merits of the issue in the appeal from the denial of the state habeas corpus petition. See Ex. 42, pp. 2-3.

Reasonable jurists would not find this court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition. No response is required.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: May 16, 2012

_____
KENT J. DAWSON
United States District Judge